COLES v. NORTHRUP.

(Circuit Court of Appeals, Fifth Circuit. February 25, 1895.)

No. 340.

EQUITY—JURISDICTION—TRIAL OF TITLE TO LAND.

A receiver of the property of the P. Co., appointed in an equity suit, filed a petition for an order requiring one C.—who was alleged in the petition to be occupying, as tenant, certain real estate of the P. Co.—to deliver pos-

session of such real estate to the receiver. C. was notified of the petition, and filed a plea to the jurisdiction; alleging that, for more than the statutory period of limitation, he had held the land adversely, under claim of title. The plea was traversed, and, upon the hearing, evidence was given tending to show title in C. by adverse possession. *Held*, that C. was entitled to a trial by jury of the issue of title, and the court had no jurisdiction, in the equity suit, to determine such issue.

Appeal from the Circuit Court of the United States for the Northern District of Florida.

This suit was commenced in the circuit court by the following petition:

"Your petitioner, W. H. Northrup, humbly represents: (1) That, as shown by the records of this court, he has heretofore been appointed receiver in the case of D. W. Thom et al. v. Pensacola Terminal Company, and, as such receiver, authorized and directed to take possession of all the property, real and personal, of the defendant. (2) That, at the time of the said order, C. M. Boulden and Graham Gordon, respectively vice-president and president of said company, held in trust for the said defendant the east half of the tract of land in the county of Escambia, state of Florida, known as the 'John Donaldson tract,' and being section 51, T. 2 S., R. 30 W., of which said tract, with the exception hereinafter mentioned, your petitioner, under said order, took possession. (3) That at the time of said order one John Coles occupied a portion of the said east half of said tract, as the tenant of the said Gordon and Boulden, trustees as aforesaid; the said Coles having obtained possession of the said property from his father, one Samuel Coles, who was a tenant, by a written indenture of lease, of J. C. Petterson, who was the remote grantor of the said Gordon and Boulden, trustees as aforesaid, and had also been a tenant under a written indenture of lease of E. B. La Pice, executor of R. A. Watson, deceased, grantor of said J. C. Petterson. (4) That your petitioner has demanded the possession of the said John Coles, and that the said Coles has refused to deliver the possession thereof to your petitioner, as of right he ought to do. Wherefore, your petitioner prays that the said John Coles may be required, by an order of this court, to deliver up the said possession of the said property to your petitioner, in order that it may be administered by him under the order appointing him as aforesaid. And your petitioner will ever pray, etc.                                   W. H. Northrup, Receiver."

And thereupon the following notice appears to have been served:

"In the United States Circuit Court, Northern District of Florida, at Pensacola.

"In the Matter of the Petition of W. H. Northrup, Receiver in the Case of D. W. Thom et al. v. Pensacola Terminal Company.

"You will please take notice that we have filed a petition in the above court to recover possession from you of that portion of the east half of section 51, T. 2 S., R. 30 W., known as the 'John Donaldson Tract,' in Escambia county, Florida, now occupied by you, and that a hearing of said petition, and of such answer as you may then have filed, will be had before the Hon. Chas. Swayne, judge of said court, on November 5, A. D. 1894, or as soon thereafter as the same can be heard.

"Blount & Blount, Sols. for Petitioner.

"To John Coles, Esq., Defendant."

The appellant filed sworn plea as follows:

"In the Matter of the Petition of W. H. Northrup, Receiver of the Pensacola Terminal Company, v. John Coles.

"The Plea of the Above-Named Respondent to the Petition of the Above-Named Petitioner.

"The respondent, John Coles, by protestation, not confessing or acknowledging all or in any part of the matters or things in the said petition contained and mentioned to be true, in such manner and form as the same are therein set forth and alleged, pleads thereto, and, for plea to the whole peti-

tion, says that respondent did not obtain possession of said property in said petition described from his (respondent's) father, Samuel Coles, as alleged in said petition, but that respondent entered into possession of said premises under claim of title, exclusive of any other rights, founding such claim upon a written instrument of the date of October 29, 1877, as being a conveyance of the premises in question, and that respondent has been in continued occupation and possession of said premises included in said instrument for a period of time longer than seven years before the filing of said petition, to wit, for a period of more than sixteen years. Wherefore, and relying upon the above facts, which said respondent avers to be true, respondent says that a court of equity has no jurisdiction to hear, try, and determine this cause. Wherefore, the respondent prays the judgment of this honorable court whether he ought to be compelled to make any other or further answer to said petition, and respectfully prays to be hence dismissed with his reasonable costs in this behalf most wrongfully expended."

This plea was traversed, and thereupon the cause was heard before the chancellor. John Coles testified as follows:

"My name is John Coles. I bought this place from Matthew Burke about sixteen years ago, and gave him, as well as I can remember, about $40 for the place. He was living there at the time. I cannot read or write. Matthew Burke gave me this paper when I bought the place [producing following paper]:

"'$35.00.                                    Pensacola, Florida, Oct. 29th, 1877.

"'This is to certify that I, Matthew Burke, and my wife, Sarah Burke, did sell and deliver to John Coles one place on the Big Bayou, said place being the place upon which the said John Coles now lives. We, Matthew and Sarah Burke, release all of our right and claim to said place, and all it contains, in consideration of half payment of all demands.

his
"'Matthew  X  Burke.
mark

her
"'Sarah  X  Burke.'
mark

"Matthew Burke is dead. I have lived on this place for sixteen or seventeen years. Since the date of this paper, I have claimed it as my own, and have never paid rent to any one, and never recognized any one as my landlord. My father and mother lived there with me. My father never lived there before I did. I brought him there. Matthew Burke lived there before I did."

Cross-examination: "I have been married about five years, and am about 41 years old. My father lived with me. I have been away from home at work several times for a month, and once or twice as long as two months at a time,—usually, only a week at a time. This was my home all of the time, and, when away at work, I always left my clothes there. My father died about three years ago. He was ninety-odd years old when he died. He lived with me. Once, when I came back home and told my father that I had heard that he had signed a lease to this place to Mr. Fisher, he said that he had signed some kind of a paper. He said that he understood that it was something about taxes. He had no authority to sign a lease to this place. I claim it as my own. I signed a lease to the place across the road from this place where I live, and paid Mr. Fisher a dollar on it. I bought out the improvements from Prince Jones, who had leased it, and I went up to Mr. Fisher's office, and signed a lease to the place, and paid Mr. Fisher a dollar on that lease on the Prince Jones place. When I bought from Matthew Burke, he said he sold me his claim. He said that the place was his. I do not recollect, when I went to pay Mr. Fisher the dollar for rent on the Prince Jones place, that he put into it a receipt to my father, and that I told him that this was for my place,—the Prince Jones place,—and not for my father's place. I do not remember going up to Mr. Fisher's office with my father to pay the rent on this place."

Redirect: "The place I bought from Matthew Burke, now in controversy, has been inclosed for fifteen or sixteen years, and I have been living on it all the time. I live there now."

In support of his plea he also produced the evidence of three other witnesses, and rested his case. Contrary evidence was offered, tending to show that the property belonged to the Pensacola Terminal Company, and that one Solomon Coles, father of John Coles, had in July, 1886, and again in July, 1888, signed leases of the property in question, and that John Coles was present when said leases were signed. After hearing the evidence, the judge rendered a decree that the receiver was entitled to the possession of the property, that John Coles was holding possession as tenant of the receiver, and that John Coles should deliver possession upon demand. Coles appealed.

John S. Beard, for appellant.

W. A. Blount and A. C. Blount, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. The appellant contends that on the issue whether he held the property in question as owner in his own right, or as a tenant of the receiver, he was entitled to a trial by jury, and we think he was. He was a stranger to the equity case in which the receiver was appointed. He claimed as owner for 17 years under writings that more or less supported his claim; and, as to him, the proceeding to dispossess him of the property was, to all intents and purposes, a suit in ejectment. The decree appealed from is reversed. The cause is remanded, with instructions to dismiss the petition of the receiver, but without prejudice to his right, under the direction of the court, to institute proper proceedings at law to recover the property in controversy.